**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION**

| | | |
|---|---|---|
| **ERASMO GUADALUPE** | ) | |
| **RODRIGUEZ-ZUBIA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | **DR-20-CV-0067-AM-VRG** |
| **GEO DEL RIO, TX; GEO WINTON,** | ) | |
| **NC, and LIMESTONE COUNTY** | ) | |
| **DETENTION CENTER,** | ) | |
| **Defendants.** | ) | |

## ORDER TO SHOW CAUSE

United States District Judge Alia Moses referred the above-captioned matter to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b). The matter is pending before the undersigned pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A and 42 U.S.C. § 1997e(c). For the following reasons, Plaintiff is **ORDERED** to show cause why his complaint should not be dismissed with prejudice.

### I. BACKGROUND

Plaintiff Erasmo Guadalupe Rodriguez-Zubia (Fed. Reg. No. 10748-173) was, at the time he filed his complaint, incarcerated in the Val Verde Correctional Facility in Del Rio, Texas, awaiting sentencing following his guilty plea to illegal re-entry in cause no. 2:19-CR-2052-AM. On February 2, 2021, he was sentenced to a 37-month term of imprisonment.  The undersigned granted Plaintiff *in forma pauperis* ("IFP") status and ordered the collection of an initial partial filing fee and the full filing fee from Plaintiff's trust account. Accordingly, the complaint is ripe for screening as provided by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e.

## II. SCREENING

The filings of pro se litigants are "'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the Prison Litigation Reform Act ("PLRA") contains screening mechanisms that require district courts to "dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c). Similarly, for suits where a prisoner is proceeding IFP, the court may "dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *accord Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998) (per curiam).

A dismissal made pursuant to § 1915A or § 1997e for failure to state a claim is reviewed under the same standard employed for a Rule 12(b)(6) motion to dismiss. *See, e.g.*, *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011) (per curiam) (applying Rule 12(b)(6) motion standard to § 1915A dismissal). To survive screening, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of . . . entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal citations, quotations, and alterations omitted); *accord Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009).  Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

## A.  Plaintiff's Fact Allegations

In the complaint, as supplemented, Plaintiff names the Defendants as the GEO Val Verde Correctional Facility ("VVCF") in Del Rio, Texas, the GEO Rivers Correctional Institute ("Rivers CI") in Winton, North Carolina, and the Limestone County Detention Center ("LCDC") in Groesbeck, Texas.  (Orig. Compl. 1,5, ECF No. 1; Suppl. Compl. 2-3, ECF No. 7.)  He brings constitutional tort claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983 for Occupational Safety and Health Administration violations and, reading the complaint liberally, an Eighth Amendment-based claim for denial of access to adequate medical care.  (Suppl. Compl. 3, 5.)

Plaintiff's supporting factual allegations reveal that on February 8, 2013, he was employed as the head cook at the LCDC when he sustained an on-the-job back injury.  Plaintiff was sent to the infirmary for treatment where he was prescribed painkillers and placed on light duty work status for approximately two to three weeks.  Plaintiff complained to the warden of the LCDC about his injury and was told that the kitchen was run by a contractor and that his complaint and request for further medical treatment would be forwarded to the contractor.  Plaintiff asserts that he was transferred to Rivers CI instead.  While incarcerated at Rivers CI, Plaintiff continued to

take pain medication for his back injury through the completion of his sentence and turnover to immigration authorities who deported him in December of 2015. (Orig. Compl. 1-3; Suppl. Compl. 5.)

Court records show that Plaintiff was arrested for illegal re-entry on August 6, 2019, and incarcerated at the VVCF. Plaintiff alleges that he continued to receive his pain medication for his back injury while in the VVCF and was hired into the laundry staff of the facility in September of 2019. Plaintiff contends he re-injured his back on November 27, 2019, while pushing a laundry cart. He was seen in the infirmary, given an increase in pain medication, and instructed to lay down for the rest of the day. According to Plaintiff, he was fired from his job at the VVCF the next day because his pain prevented him from working. He contends that he should have been treated by a medical specialist according to OSHA regulations following his original injury and that the VVCF has failed to treat his back injury with anything other than increased pain medication and that some of his medical treatment requests have been ignored. He seeks medical treatment from VVCF, money damages from LCDC, and "some legal way to stay in the country." (Orig Compl. 3-4, Suppl. Compl. 5.)

**B. Analysis**

"Section 1983 creates a private right of action for redressing the violation of federal law by those acting under color of state law." *Colson v. Grohman*, 174 F.3d 498, 505 n.2 (5th Cir. 1999). A § 1983 suit "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred . . . ." *See Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979). Accordingly, a meritorious § 1983 claim hinges on the demonstration of: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was committed by a person acting under color of state law. *See Leffall v. Dallas Indep.*

*Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994).  Similarly, in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized an implied private right of action for damages against federal officials alleged to have violated a citizen's Fourth Amendment rights.  The Court has extended *Bivens* to cover Eighth Amendment-based claims for failing to treat a medical condition, *see Carlson v. Green*, 446 U.S. 14, 18-19 (1980), and to allow a Fifth Amendment Due Process Clause claim for gender discrimination.  *Davis v. Passman*, 442 U.S. 228, 234 (1979).

"The constitutional rights of a convicted state prisoner spring from the Eighth Amendment's prohibition on cruel and unusual punishment . . . . The constitutional rights of a pretrial detainee, on the other hand, flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment."  *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc).  The Eighth Amendment's prohibition against "cruel and unusual punishment" protects prisoners from the denial of or improper medical care if the lack of care is "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106; *see also Gibson v. Collier*, 920 F.3d 212, 219 (5th Cir. 2019) ("The Eighth Amendment forbids cruel and unusual punishments. The Supreme Court has construed this prohibition to include 'deliberate indifference to serious medical needs of prisoners.'") (quoting *Estelle*, 429 U.S. at 104). To state a claim for deliberate indifference, an inmate must allege facts showing that a prison official (1) subjectively knew that the inmate faced a substantial risk of serious harm and (2) disregarded that risk by failing to take reasonable measures to abate it.  *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999) (per curiam). Subjective deliberate indifference requires a showing: "that (1) the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and (2) the official

5

actually drew that inference." *Dyer v. Houston*, 955 F.3d 501, 506 (5th Cir. 2020) (quotation omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind," *Tamez v. Manthey*, 589 F.3d 764, 770 (5th Cir. 2009) (quotation omitted), and "is an extremely high standard to meet." *Dyer*, 955 F.3d at 506 (quotation omitted).

Plaintiff has indicated in his complaint that he brings causes of action pursuant to both *Bivens* and § 1983. (Suppl. Compl. 3.) Courts considering constitutional tort claims of federal inmates brought against private prison operators generally have treated them as *Bivens* claims. *See, e.g.*, *Ayala-Gutierrez v. Doe*, 697 Fed. Appx. 285, 286 (5th Cir. 2017) (per curiam); *Eltayib v. Cornell Cos., Inc.*, 533 F. App'x 414, 414-15 (5th Cir. 2013) (per curiam); *Sandoval v. Wackenhut Corr. Corp*, No. 93-8582, 1994 WL 171703, at *3 n.3, 1994 U.S. App. LEXIS 41121, at *5 n.3 (5th Cir. Apr. 28, 1994) (per curiam) (unpublished); *Moghtader, v. GEO Group, Inc.*, No. SA-18-CV-632-XR, 2020 WL 1557770, at *7, 2020 U.S. Dist. LEXIS 56636, at *18-19 (W.D. Tex. March 31, 2020) (unpublished); *Garcia v. Niederhauser*, No. C-11-4, 2011 U.S. Dist. LEXIS 156880, at *29 (S.D. Tex. Aug. 5, 2011) (unpublished); *but see Garcia-Higgins v. LCS Corr. Servs.*, No. 2:12-CV-0121, 2013 WL 435911, at *1-2, 2013 U.S. Dist. LEXIS 14346, at *16 (S.D. Tex. Feb. 4, 2013) (unpublished). Therefore, it is evident that Plaintiff's claims brought against the VVCF should be read as *Bivens* claims. Plaintiff's incarceration status in the LCDC and River CI is not completely apparent from his allegations. For Plaintiff's benefit, the undersigned will liberally construe the allegations pertaining to the events that occurred in these facilities as brought pursuant to both *Bivens* and § 1983. Either way however, Plaintiff's allegations suffer from several significant deficiencies.

### 1. *Bivens* Liability and Private Prisons

Although the Supreme Court only explicitly recognized the availability of a *Bivens* right of action in a limited number of circumstances, lower courts often treated *Bivens* much more expansively in practice and read it as the federal analogue to a § 1983 suit. *See, e.g.*, *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005) *Boyd v. Driver*, 579 F.3d 513, 515 n.5 (5th Cir. 2009) (per curiam) (describing the constitutional torts authorized by *Bivens* and § 1983 as "coextensive"); *Gonzalez v. United States*, 647 F. Supp. 2d 771, 781 (S.D. Tex. 2009) ("Generally speaking, 'a *Bivens* action is the federal analog' to suits brought against state officials pursuant to 42 U.S.C. § 1983.") (quoting *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)).  Recently, the Supreme Court has admonished lower courts that "*Bivens*, *Davis*, and *Carlson* [] represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."  *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017).  The Court further explained it had "notabl[y] change[d] . . . [its] approach to recognizing implied causes of action . . . ma[king] clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity."  *Id.* at 1857 (citing *Iqbal*, 556 U.S. at 675).  The Court has declined to find an implied damages remedy under *Bivens* for claims against a private prison operator, *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63 (2001), and has refused to extend *Bivens* liability for claims asserted against guards in a private prison.  *Minneci v. Pollard*, 565 U.S. 118, 131 (2012); *see also, e.g.*, *Oriakhi v. GEO Group, Inc.*, 579 F. App'x 292, 292 (5th Cir. 2014) (per curiam).

Plaintiff alleges that the VVCF and the River CI are both run by the GEO Group, Inc., a private correctional company, and that the LCDC was run by Community Education Centers, which was a private prison operator as well.  Since *Bivens* no longer provides a means by which

to assert a claim against privately run facilities after *Malesko*, Plaintiff is unable to state a *Bivens* claim against any of the named Defendants.

### 2.  Statute of Limitations

Additionally, Plaintiff's claims against the LCDC and River CI are barred by the applicable statute of limitations.  There is no federal statute of limitations for *Bivens* actions or § 1983 claims. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (per curiam) (*Bivens* claims); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (§1983 claims).  Accordingly, federal courts borrow the forum state's general residual personal injury limitations period.  *Owens v. Okure*, 488 U.S. 235, 249-50 (1989).  Texas's general statute of limitations for personal injury cases is two years, Tex. Civil Prac. & Rem. Code § 16.003, and the Fifth Circuit Court of Appeals has concluded explicitly that the statute of limitations is two years for a *Bivens* claim brought in Texas, *Spotts v. United States*, 613 F.3d 559, 573 (5th Cir. 2010) ("This circuit, applying Texas law, has held that the statute of limitations period on a *Bivens* claim is two years. . . .") (citing *Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998)), as well as for a § 1983 claim.  *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 761 (5th Cir. 2015) (affirming that general two-year limitations period of section 16.003 governs § 1983 claims, regardless of whether the facts underlying the particular claim make an exception potentially applicable).  Although the Texas limitations period applies to *Bivens* and § 1983 claims, federal law governs when such claims accrue.  *Spotts*, 613 F.3d at 574 (applying federal law to determine accrual of *Bivens* claim); *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (stating explicitly that federal law controls when § 1983 claims accrue).  "A cause of action accrues, under federal law, 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Brown v. NationsBank Corp.*, 188 F.3d 579, 589–90 (5th Cir. 1999)

8

(quoting *Moore*, 30 F.3d at 620-21).  Accrual is triggered by knowledge of both "(1) the existence of the injury; and (2) the connection between the injury and the defendant's actions." *Id.*

Plaintiff filed his original complaint on November 13, 2020, which is more than seven years after he injured his back at the LCDC and was transferred to the Rivers CI.  The facts alleged demonstrate Plaintiff's awareness of the existence of his back injury and its connection to the LCDC and Rivers CI at the time of the injury.  Accordingly, Plaintiff's cause of action accrued at the time of his injury and the filing of his complaint seven years later falls well after the expiration of the two-year limitations period.

### III.  CONCLUSION

For these reasons and absent a showing of cause, the undersigned will recommend to the District Court that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A and 42 U.S.C. § 1997e(c).

**IT IS THEREFORE ORDERED** that Plaintiff shall show cause in writing why his complaint should not be dismissed with prejudice for the reasons discussed in this order.  As an alternative to showing cause in writing why his complaint should not be dismissed, the undersigned *sua sponte* grants Plaintiff leave to amend his complaint to plead his best case and attempt to cure its deficiencies.  *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam).  Additionally, Plaintiff may voluntarily dismiss his suit by filing a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41.  Plaintiff's written response and/or amended complaint must be received by the Clerk on or before **May 15, 2021.**

**SIGNED** this 15th day of April, 2021.

**VICTOR ROBERTO GARCÍA**
**UNITED STATES MAGISTRATE JUDGE**