FILED

SEP 13 2021

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION**

| | | |
|---|---|---|
| **ERASMO GUADALUPE RODRIGUEZ-ZUBIA,** Plaintiff, | § § § § | |
| v. | § § | **Civil No. DR-20-CV-0067-AM-VRG** |
| **GEO DEL RIO, TX, GEO WINTON, NC, and LIMESTONE COUNTY DETENTION CENTER,** Defendants. | § § § § § | |

## ORDER

Before the Court is the *Report and Recommendation* of the Honorable Victor Garcia, United States Magistrate Judge. (ECF No. 21). The Court referred this case to Judge Garcia for initial proceedings. Pursuant to this referral, Judge Garcia issued a report recommending that Plaintiff's complaint be dismissed with prejudice. (ECF No. 21 at 1). The Plaintiff subsequently filed objections. (ECF No. 24). Upon review, the Report and Recommendation is **ADOPTED**.

### I. Background

The Plaintiff, a prisoner both now and at the time of the events at issue, filed his complaint against the Defendants, three private prisons, on November 13, 2020. (ECF No. 1). He later filed an amended complaint, alleging he suffered a back injury in 2013 while working in a prison kitchen and that the Defendants first refused to treat his injury and then inadequately treated it. (ECF No. 7 at 5). He asserts both *Bivens* and Section 1983 claims against all Defendants, alleging these actions violated his "OSHA" rights under the Eighth Amendment. (ECF No. 7 at 3). He attaches various administrative grievances regarding his injury, all filed in 2020, to his complaint. (ECF No. 7 at 13-19). He asks for medical compensation, therapy, and "some legal way to stay in the country." (ECF No. 7 at 5).

## II. Standard of Review

When a party files an objection to any portion of a magistrate judge's report and recommendation, the district court *must* undertake a de novo review of the conclusions to which the party properly objects. FED. R. CIV. P. 72(b)(3); 28 U.S.C. § 636(b)(1). When conducting a de novo review, the district court independently analyses the applicable facts and legal standards without deference to the magistrate judge's findings. *See United States v. Raddatz*, 447 U.S. 667, 690 (1980) (articulating the definition of de novo); *see also Shiimi v. Asherton Indep. Sch. Dist.*, No. 92-5562, 1993 WL 4732, at *2 n.18 (5th Cir. Jan. 8, 1993) (stating that in a de novo review, "the district court independently reviews the matters in the record."). To initiate de novo review, however, a party filing objections must first specifically identify the findings objected to—district courts need not review objections that are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

## III. Analysis

The Plaintiff filed an objection to Judge Garcia's report, triggering de novo review. (ECF No. 24). Liberally construing the filing, the Plaintiff articulates one specific objection to Judge Garcia's report: he objects to the finding that his cause of action accrued in 2013. (ECF No. 21 at 8); (ECF No. 24 at 1-2, 4-5). If it did accrue in 2013, he filed his complaint outside the statute of limitations and his claim is barred. *See Spotts v. United States*, 613 F.3d 559, 573 (5th Cir. 2010) (holding statute of limitations for a *Bivens* claim in Texas is two years); *see King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 761 (5th Cir. 2015) (applying two-year statute of limitations to Section 1983 claims in Texas). His objection also makes several new factual allegations and requests, but an objection is not the proper forum for either. The Court's analysis is limited to his one specifically identified objection. *Battle*, 834 F.2d at 421.

2

In support of his objection, the Plaintiff argues he filed an administrative claim when he was first injured, exhausted his remedies, and has continued to seek relief since. (ECF No. 24 at 6-7). He seems to argue that his claim did not accrue until he received x-rays of his lower back in 2021 that showed the full extent of his injury. (ECF No. 24 at 2).

This argument is not persuasive. A cause of action accrues when a plaintiff knows, or has reason to know, of the injury that is the basis of an action. *Brown v. NationsBank Corp.*, 188 F.3d 579, 589-90 (5th Cir. 1999). A plaintiff has that knowledge when he is aware of (1) the existence of the injury and (2) the connection between the injury and the defendant's actions. *Id.* Here, the injury is to the Plaintiff's back. (ECF No. 7 at 5). Both his complaint and his objection admit that he both knew of the injury and connected the injury to the Defendants in 2013. (ECF No. 7 at 5); (ECF No. 24 at 4-5). When the injury occurred, he sought medical treatment from the Defendants, filed administrative claims with the Defendants, and has, in his own words, "look[ed] for relief since." (ECF No. 24 at 6-7). Whether he knew the full extent of the injury then is not relevant— he knew his injury existed. His cause of action accrued in 2013. He had two years to file his claim. *See supra.* He did not—instead, he waited over seven years to file. (*See* ECF No. 1). His claim is outside of the statute of limitations and is thus barred.

### IV. Conclusion

The Court finds no error in Judge Garcia's report. The Plaintiff's objection (ECF No. 24) is **OVERRULED**, the *Report and Recommendation*, (ECF No. 21), is **ADOPTED**, and the Plaintiff's complaint, (ECF No. 7), is **DISMISSED WITH PREJUDICE**.

SIGNED this 13th day of September, 2021.

ALIA MOSES
United States District Judge